IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRAVIS LEE LAMBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:12-cv-912-WKW |
| | ) | |
| | ) | |
| DISTRICT COURT OF HOUSTON | ) | |
| COUNTY, ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's Complaint (Doc. 1). On October 23, 2012, the District Judge entered an Order referring this case to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. 2). Due to concerns over the propriety of the Complaint, the court issued an Order staying service of process. (Doc. 4). Upon an examination of the Complaint, it is the RECOMMENDATION of the undersigned that Plaintiff's Complaint be DISMISSED for lack of jurisdiction.

**I.    DISCUSSION**

The court had immediate concerns about Plaintiff's Complaint because the jurisdictional statement therein, is titled "DE-JURE JURISDICTION" and is simply followed by purported quotes from the bible. "Federal courts are courts of limited jurisdiction." *United States v. Rojas*, 429 F.3d 1317, 1320 (11th Cir. 2005) (citing *Keene Corp. v. United*

*States*, 508 U.S. 200, 207 (1993), *Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986), and *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "Consistent with the limited nature of federal jurisdiction, the party seeking a federal venue must establish the venue's jurisdictional requirements." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007). Unfortunately for Plaintiff, while the bible states that it is "profitable for doctrine, for reproof, for correction, [and] for instruction in righteousness,"[1] it is not recognized as conferring jurisdiction of matters to this court. Because this court "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking," *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) (citations omitted), the court has undertaken a review of the Complaint to determine if it could be read, in any possible way, to meet the court's jurisdictional requirements.

Although the Complaint is not a model of clarity, the court is able to discern that Plaintiff's intent is the release of his wife, who is currently incarcerated in Julia Tutweiler prison, an Alabama state prison. This then, is an application for a writ of *habeas corpus*. Under 28 U.S.C § 2242, an "application for a writ of *habeas corpus* shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." The Complaint is signed by Plaintiff, but not his wife. Because Plaintiff is not an attorney, the only way he may act on his wife's behalf is as her "next friend." *See Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999). The Supreme Court has stated that decisions applying the

---

[1] 2 Timothy 3:16 (*New King James* Version)

*habeas corpus* statute have adhered to at least the following prerequisites for such "next friend" standing:

> First, a "next friend" must provide an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Absent "next friend" status, Plaintiff "lacks Article III standing to file a petition on another's behalf; thus[,] the district court has no jurisdiction to consider the petition." *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Whitmore*, 495 U.S. at 164).

Plaintiff asserts no reason why "next friend" status should apply. Instead he appears to assert some form of standing based on claims that his wife is his property and that he is the self-appointed executor of her "estate." Entertaining that assertion for a brief moment, the court finds that even if Plaintiff could indeed claim a property interest in his wife and appoint himself executor of her "estate," he still may not act *pro se*. *See Frankin v. Garden State Life Insurance*, 462 F. App'x 928, 930 (11th Cir. 2012) (noting Alabama law prohibits a plaintiff from "fil[ing] a complaint on behalf of anyone else, even an estate of which he is the executor."). In reality, and under the Constitution of the United States, Plaintiff's wife is not his property. Plaintiff is simply attempting to represent her interests in this suit. The right to appear *pro se* in federal cases is limited to those parties conducting "their own cases" and does not apply to persons representing the interests of others. *See Devine v. Indian River*

*Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997).

There is then, no way in which to construe Plaintiff's complaint to establish the jurisdictional requirements for this case to be heard and "the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Guevara*, 468 F.3d at 1305. Accordingly, this case is properly dismissed.

## II.  CONCLUSION

For the above stated reasons, it is RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Complaint (Doc. 1) be DISMISSED with prejudice. It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation by **November 19, 2012.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of November, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE